IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-80700 |
| | ) | |
| RICHARD L. ALLEN and | ) | |
| HELEN L. ALLEN, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on November 5, 2007, regarding Filing No. 37, Motion to Reconsider Order, filed by Kathleen Laughlin, and Filing No. 38, Resistance, filed by the debtors. Trinh Tran appeared for the debtors and Marilyn Abbott appeared for the Chapter 13 trustee.

The debtors filed an amended plan which provides for the surrender of a motor vehicle to the secured creditor in full satisfaction of the obligation to the creditor. The vehicle was purchased for personal use within 910 days of the petition date. The amended plan provides that, upon such surrender, no further amounts will be paid to the holder of the claim.

The trustee takes the position that such language is meant to prohibit the creditor from filing an unsecured deficiency claim if, upon sale of the vehicle, the amount obtained is insufficient to cover the full amount of the plan. In other words, it is the trustee's concern that the long-followed procedure in this district would be changed if debtors were allowed to deal with actual or potential claims within the plan, rather than within the claims litigation process.

Counsel for the debtor suggests that since the law of this jurisdiction is that a vehicle purchased within 910 day of the petition date may be surrendered in full payment of the claim, the creditor should have no right to file an unsecured claim and the debtor should not be required to go through the claims litigation process to get such an invalid claim disallowed.

For more than twenty years the procedure in this jurisdiction has been to require debtors to object to claims and obtain an order disallowing such claim rather than dealing with the claims in the plan confirmation process. Simply because the Bankruptcy Code amendments in 2005 created a special situation with vehicles purchased within 910 days of the petition is not a strong reason for changing the procedures in this district. Whether the creditor files a claim identified as a "910 claim" and lists the full amount of the claim as secured, or files a claim and identifies the value of the vehicle as an amount less than the total amount of the debt, or after sale of the vehicle files a deficiency claim, the debtor will receive notice of the trustee's treatment of the claim and be given an opportunity to object. The debtors should want the directions to the creditor and the trustee to be extremely clear. This case proposes full payment of allowed claims. Without the objection mechanism, there will never be a court order specifically disallowing a claim that the debtor has attempted to deal with in the plan. Without such an order, the trustee is required to pay out the claim's proportionate share of the funds received from the debtors.

The long-standing local procedure is clear and useful. It shall remain in full force and effect. If counsel for the debtors decides to put into each plan a statement that any so-called deficiency claim that is filed will be objected to, such language is appropriate and will put the claimant on notice. Even if the plan does not state that deficiency claims will be objected to, language similar

to this plan, that the vehicle will be surrendered in full satisfaction of the debt and no further amounts will be paid to the claimant, does not relieve the debtor from objecting to a filed deficiency claim or to a trustee notice that a "910" claimant's proof of claim will be treated as partially unsecured.

 Judge Saladino has requested that this order note his agreement.

 The Clerk shall notify all ECF users of this order.

 If there are no other objections or motions pending, the plan may be confirmed.

 DATED:  November 6, 2007

              BY THE COURT:

              /s/ Timothy J. Mahoney
              Chief Judge

Notice given by the Court to:
 Trinh Tran
 *Kathleen Laughlin
 U.S. Trustee

*Movant is responsible for giving notice to parties in interest as required by rule or statute.